In the Matter of **LAVIN ELECTRIC COMPANY, Bankrupt.**

**Eusebius J. BIGGS, Appellant,**

v.

**C. Wylie ALLEN, as Trustee, etc., Appellee.**

**No. 12936.**

United States Court of Appeals Seventh Circuit.

Oct. 19, 1960.

Rehearing Denied Nov. 10, 1960.

E. J. Biggs, pro se, for appellant.

Charles G. Martin, Chicago, Ill., for appellee.

Before HASTINGS, Chief Judge, and DUFFY and MAJOR, Circuit Judges.

DUFFY, Circuit Judge.

■ Appellant Biggs was listed in the bankruptcy schedules as a debtor of bankrupt. He claims he is a creditor, but refuses to file a claim on the theory that the bankruptcy proceedings herein were fraudulent. He argues that because of such fraud, there is in this case no legal bankruptcy. However, Biggs did not appeal from the order of adjudication, and we must consider on this appeal that the bankruptcy proceedings were legal and pursuant to the bankruptcy statute. 11 U.S.C.A. § 1 et seq.

■ Appellant Biggs is a layman. Over a period of years he has many times been a party to litigation in the state and federal courts. He customarily appears *pro se*. In the instant case the referee urged that he obtain the services of an attorney. He refused to do so, and insisted upon appearing *pro se*. He also appeared *pro se* before the District Court and before us on this appeal.

Appellant insists that he is appealing from certain orders of the referee in bankruptcy. Undoubtedly, and in spite of his own statements, appellant endeavored to appeal from the order of the District Court of November 23, 1959 which confirmed the order of the referee entered on July 2, 1959. If appellant did not so intend, this appeal would not be properly before us.

In view of appellant Biggs' status as a layman, we shall construe the notice of appeal broadly and consider that the appeal was taken from the order of the District Court which confirmed the order of the referee to which appellant objected.

The fact is, appellant filed with the refferee numerous motions and petitions. Many of these were prolix and somewhat difficult to understand. To illustrate, on November 7, 1956, appellant filed an eleven page typewritten petition complaining of alleged fraudulent acts of the president, the attorney, and a director of the bankrupt corporation. On December 13, 1956, he filed an amended and supple- mental petition. On June 20, 1957, ap- pellant filed his second amended petition

On July 2, 1959, the referee ordered the dismissal of this petition. Thereafter, appellant filed his petition for review, and the District Court, on November 23, 1959, entered an order confirming the order of the referee dated July 2, 1959.

We have carefully considered the various arguments and contentions made by the appellant on this appeal. We have concluded that the District Court was correct in confirming the order of the referee in bankruptcy.

Affirmed.